IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANK EDWIN PATE, #30430-408,  )
            )
   Petitioner,     )
            )
  v.          )   CIVIL ACTION NO.
            )   2:18-CV-840-MHT
PRESIDENT DONALD TRUMP, *et al.*,  )   [WO]
            )
   Respondents.    )

## **RECOMMENDATION OF THE MAGISTRATION JUDGE**

Frank Edwin Pate ("Pate"), a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on September 27, 2018. Doc. # 1. Pursuant to orders entered by this court, Pate filed an amended § 2241 petition on October 12, 2018. Doc. # 8. This action is before the court on the claims in that amended petition.

Pate challenges the validity of his convictions and sentence imposed by the United States District Court for the Eastern District of Texas for mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343. He claims his convictions and sentence are void and that he is entitled to immediate release because (1) the federal district courts, including the court in which he was convicted and sentenced, are not lawfully established by Congress; (2) the United States suffered no "injury in fact" from his alleged crimes; and (3) the Government's evidence was insufficient to sustain his convictions. Doc. # 8 at 1–3. For the reasons that follow, the court concludes this action should be transferred to the Eastern District of Texas.

## DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

2

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Pate's self-described § 2241 petition challenges the legality of his convictions and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc*., 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). Pate does not attempt to show that § 2255 would be an inadequate vehicle to present his claims. Indeed he cannot, because his claims challenging the validity of his convictions and sentence fall squarely within the realm of injuries § 2255 addresses.

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Here, regardless of the label Pate places on his pleadings, his petition challenging his convictions and sentence must be considered as a motion under § 2255, rather than § 2241. Section 2255 remains Pate's exclusive remedy to bring his challenge

to his convictions and sentence.  Because he challenges a judgment entered in the Eastern

District of Texas, jurisdiction to consider the § 2255 motion lies only in the Eastern District

of Texas as the district of conviction.  *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil

action may, if it is in the interest of justice, transfer such action to any other court in which

the action could have been brought when it was filed.  Because Pate is proceeding *pro se*,

in the interest of justice this action should be transferred to the United States District Court

for the Eastern District of Texas.

## CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that this case

be TRANSFERRED to the United States District Court for the Eastern District of Texas

under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before **November 19, 2018**.  A party must specifically identify the factual findings and

legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered.  Failure to file written objections

to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C.

§ 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal

and factual issues covered in the Recommendation and waives the right of the party to

challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of November, 2018.


_____/s/ Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE